Slip Op. 11-54

# UNITED STATES COURT OF INTERNATIONAL TRADE

```
-------------------------------------------------------x
                                                       :
NSK CORPORATION, et al.,                               :
                                                       :
                Plaintiffs,                            :
                                                       :
        and                                            :
                                                       :
FAG ITALIA S.p.A., et al.,                             :
                                                       :
                Plaintiff-Intervenors,                 :
                                                       :
        v.                                             :    Before:  Judith M. Barzilay, Judge
                                                       :    Consol. Court No. 06-00334
UNITED STATES,                                         :
                                                       :
                Defendant,                             :
                                                       :
        and                                            :
                                                       :
THE TIMKEN COMPANY,                                    :
                                                       :
                Defendant-Intervenor.                  :
                                                       :
-------------------------------------------------------x
```

## OPINION & ORDER

[The court denies The Timken Company's motion to stay.]

Dated: May 13, 2011

*Crowell & Moring LLP* (*Matthew P. Jaffe*, *Robert A. Lipstein*, and *Carrie F. Fletcher*), for Plaintiffs NSK Corporation, NSK Ltd., and NSK Europe Ltd.

*Sidley Austin LLP* (*Neil R. Ellis* and *Jill Caiazzo*), for Plaintiffs JTEKT Corporation and Koyo Corporation of U.S.A.

*Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt, LLP* (*Max F. Schutzman* and *Andrew T. Schutz*), for Plaintiff-Intervenors FAG Italia S.p.A., Schaeffler Group USA, Inc., Schaeffler KG, The Barden Corporation (U.K.) Ltd., and The Barden Corporation.

*Steptoe & Johnson* (*Herbert C. Shelley* and *Alice A. Kipel*), for Plaintiff-Intervenors SKF Aeroengine Bearings UK and SKF USA, Inc.

*United States International Trade Commission*, *James M. Lyons* (General Counsel), *Neal J. Reynolds* (Assistant General Counsel for Litigation), and *David A.J. Goldfine*, Office of the General Counsel, for Defendant United States.

*Stewart and Stewart* (*Terence P. Stewart*, *Eric P. Salonen, Elizabeth A. Argenti*, and *Philip A. Butler*), for Defendant-Intervenor The Timken Company.

  BARZILAY, Judge:  On April 26, 2011, Defendant-Intervenor The Timken Company ("Timken"), with the consent of Defendant United States, moved to stay the court's final judgment in *NSK Corp. v. United States*, Slip Op. 11-43, 2011 WL 1491346 (CIT Apr. 20, 2011), which sustained the U.S. International Trade Commission's negative injury determination on antidumping duty orders covering the subject merchandise from Japan and the United Kingdom, pending a final decision on appeal at the Federal Circuit.  Specifically, Timken alleges that it will suffer irreparable harm in the upcoming third sunset review in the absence of the orders, that a revocation of the orders would run afoul of the statutory scheme, and that public interest favors a stay.  Timken Mem. of P. & A. 4-21.  To avoid potentially improvident agency action, the court granted Timken's motion in part and temporarily stayed the effect of the judgment until all parties could fully comment on the issue.  *NSK Corp. v. United States*, Consol. Court No. 06-00334 (CIT Apr. 28, 2011) (order granting temporary stay).  Plaintiffs JTEKT Corporation, Koyo Corporation of U.S.A., NSK Corporation, NSK Ltd., and NSK Europe Ltd. (collectively, "Plaintiffs") subsequently have filed a joint response, wherein they contend that the U.S. Department of Commerce ("Commerce") has a clear statutory duty to revoke the antidumping duty orders and that Timken failed to sufficiently demonstrate the four factors to

grant a stay of the court's final judgment.  Pls.' Joint Opp'n 4-22.  Today, the court granted Timken leave to file a reply.  *NSK Corp. v. United States*, Consol. Court No. 06-00334 (CIT May 13, 2011) (order granting leave to file reply).  In that document, Timken more thoroughly discusses the four factors needed to earn a stay.  *See generally* Timken Reply Mem.  Because Timken fails to satisfy the applicable test, the court lifts the temporary stay and orders revocation of the relevant antidumping duty orders.

      To succeed in its claim, Timken must prove the following:  "(1) the threat of immediate irreparable harm; (2) the likelihood of success on the merits; (3) [that] the public interest would be better served by the relief requested; and (4) [that] the balance of hardship on all the parties favors [the movant]."  *GPX Int'l Tire Corp. v. United States*, 32 CIT ___, ___, 587 F. Supp. 2d 1278, 1284 (2008) (citation omitted).  First, Timken has not shown that it likely will suffer the requisite "presently existing, actual" irreparable harm, *Zenith Radio Corp. v. United States*, 710 F.2d 806, 809 (Fed. Cir. 1983), but instead posits only a speculative injury in an agency proceeding that has not yet commenced.  Moreover, Timken fails to meaningfully discuss the second prong, offering substantial evidence arguments best suited for merit briefs on appeal at the Federal Circuit, *see* Timken Reply Mem. 5-11, and thus does not demonstrate that it has at least "a fair chance of success on the merits."  *U.S. Ass'n of Imps. of Textiles & Apparel v. United States*, 413 F.3d 1344, 1347 (Fed. Cir. 2005).  Thirdly, Timken's request would have the court ignore the clear language of the relevant statute, 19 U.S.C. § 1675(d)(2) (explaining that Commerce must revoke antidumping duty order absent affirmative injury determination), and to grant such a demand would run against the public interest.  *See Neenah Foundry Co. v. United*

**Consol. Court No. 06-00334**                                                                                                    **Page 4**

*States*, 24 CIT 33, 43, 86 F. Supp. 2d 1308, 1317 (2000).  Finally, the court does not view the balance of the hardships to weigh in favor of Timken.  A stay would deny Plaintiffs the statutory relief provided by Congress and subject their imports from Japan and the United Kingdom to an undue financial burden when no valid orders exist, whereas in the absence of a stay Timken would still enjoy the continued suspension of imports entered into the United States prior to the relevant negative determination dates.  Therefore, upon review of the documents submitted by the parties on the issue of a stay, the court's previous opinions, and all other pertinent papers, the court hereby

      **ORDERS** that Timken's motion is **DENIED**;

      **ORDERS** that the temporary stay issued on April 28, 2011 is **VACATED**; and further

      **ORDERS** that Commerce shall revoke the antidumping duty orders covering subject merchandise from Japan and the United Kingdom and take all necessary action to effect the court's final judgment issued on April 20, 2011 by comporting with the relevant statutes and precedents of this Court and the Federal Circuit.

Dated:  May 13, 2011                                                                    /s/ Judith M. Barzilay
        New York, NY                                                                    Judith M. Barzilay, Judge